SHUNK v STATE OF MICHIGAN

Docket No. 46346. Submitted April 9, 1980, at Lansing.—Decided May
    20, 1980.

> Ray Shunk and others, hereinafter plaintiffs, brought an action
> against the State of Michigan and the Department of Public
> Health, hereinafter defendants, alleging that defendants knew
> or should have known that exposure to PBB (polybrominate
> biphenyl) created an immediate and serious hazard to plaintiffs
> and that defendants were negligent and committed various
> intentional torts. The Court of Claims, Robert Holmes Bell, J.,
> granted defendants' motion for summary judgment based on
> the governmental immunity doctrine. Plaintiffs appeal. *Held:*
>
> Intentional torts do not fall within the governmental immu-
> nity statute since they are not in the exercise or discharge of a
> governmental function. A motion for summary judgment on the
> basis that plaintiffs have failed to state a claim upon which
> relief can be granted will be tested by the pleadings alone
> which must be considered as true as to the facts alleged. The
> pleadings state a claim upon which relief can be granted.
>
> Reversed and remanded.
>
> R. B. BURNS, J., dissented. He would find that the defendants
> were engaged in a governmental function and are immune
> from tort liability. He would affirm.

OPINION OF THE COURT

1. TORTS — GOVERNMENTAL IMMUNITY — INTENTIONAL TORTS.
    Intentional torts do not fall within the governmental immunity
    statute since they are not in the exercise or discharge of a
    governmental function.

DISSENT BY R. B. BURNS, J.

2. JUDGMENT — SUMMARY JUDGMENTS — TORTS — GOVERNMENTAL
    IMMUNITY — INTENTIONAL TORTS.
    *Summary judgment may be upheld, even where a plaintiff alleges*

REFERENCE FOR POINTS IN HEADNOTES

[2, 3] 57 Am Jur 2d, Municipal, School, and State Tort Liability §§ 69-
    72, 79.

that a governmental defendant committed an intentional tort, where the defendant was engaged in a governmental function (MCL 691.1407; MSA 3.996[107]).

*Sablich, Ryan, Rapaport, Bobay & Pollok, P.C.,* for plaintiffs.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Philip J. Smith,* Assistant Attorney General, for defendants.

Before: D. C. RILEY, P.J., and R. B. BURNS and N. J. KAUFMAN, JJ.

PER CURIAM. The trial court entered summary judgment against the plaintiffs on their complaint which alleged negligence and intentional torts on the part of the defendants. Defendants' summary judgment motion was premised upon GCR 1963, 117.2(1), *i.e.,* that plaintiffs failed to state a claim upon which relief can be granted. The trial court granted defendants' motion thereunder on the basis that defendants were immune from tort liability for acts performed in the exercise of a governmental function, MCL 691.1407 *et seq.;* MSA 3.996(107) *et seq.* We reverse.

A motion for summary judgment brought pursuant to GCR 1963, 117.2(1) will be tested by the pleadings alone which must be considered as true. *Struble v Detroit Automobile Inter-Ins Exchange,* 86 Mich App 245, 256; 272 NW2d 617 (1978), *Todd v Biglow,* 51 Mich App 346, 349; 214 NW2d 733 (1974).

By their pleadings, plaintiffs alleged that defendants knew or should have known that exposure to PBB (polybrominate biphenyl) created an immediate and serious hazard to plaintiffs as employees of the Michigan Chemical Company, which produced PBB. In addition, plaintiffs alleged that

despite defendants' knowledge of such health hazard, defendants willfully and intentionally failed to take the appropriate actions required by statute, MCL 408.1031; MSA 17.50(31).

In *McCann v Michigan,* 398 Mich 65; 247 NW2d 521 (1976), in separate opinions, a majority of the Supreme Court agreed that an intentional tort was not in the exercise or discharge of a governmental function. See also *Lockaby v Wayne County,* 406 Mich 65; 276 NW2d 1 (1979). Therefore, we find that plaintiffs' pleadings, taken as true, were sufficient to overcome the defense of governmental immunity and state a claim upon which relief could be granted. To hold otherwise might result in a situation where employees are forced to work in conditions known to be unsafe. This would place them squarely on the horns of a dilemma. If they refuse, they could very well be reprimanded or disciplined. If they consent, they might be jeopardizing their health.[1]

Accordingly, we reverse and remand.

R. B. BURNS, J. *(dissenting).* I must dissent.

The trial court entered summary judgment against the plaintiffs on their complaint which alleged negligence and intentional torts on the part of the defendants.

An examination of the record discloses no prejudicial error. Defendants were engaged in a governmental function and immune under MCL 691.1407; MSA 3.996(107). Also see *Thomas v Dep't of State Highways,* 398 Mich 1; 247 NW2d 530 (1976).

I would affirm.

---

[1] For a similar rationale, see *Whirlpool Corp v Marshall,* 445 US 1; 100 S Ct 883; 63 L Ed 2d 154 (1980), wherein a unanimous Supreme Court upheld an Occupational Safety and Health Act regulation allowing employees to refuse to perform job assignments if they reasonably believe there is no less drastic alternative to avoid risking serious injury.