RANDALL v DELTA CHARTER TOWNSHIP

Docket No. 58625. Submitted August 5, 1982, at Lansing.—Decided
    November 2, 1982. Leave to appeal applied for.

Charles E. Randall, the five-year-old son of C. Donald Randall,
    drowned while swimming in an inlet which extended from the
    Grand River to the residential property at that time belonging
    to Jesse F. and Virginia Harrold in Delta Charter Township. C.
    Donald Randall, individually and as personal representative of
    the estate of Charles E. Randall, brought a wrongful death
    action against Delta Charter Township, the Harrolds, and
    Robert Elliot, the present owner of the property upon which
    the inlet is situated. The complaint charged a continuing
    private and public nuisance per se and in fact and alleged
    liability as to Delta for failure to abate the nuisance, either
    through enforcement of its zoning ordinance or by other means
    available to it. The court, Richard Robinson, J., granted a
    partial summary judgment in favor of Delta Township, dismiss-
    ing all charges against it. Plaintiff appeals. *Held:*

    1. The trial court did not err in finding that the township's
    decision whether or not to enforce a zoning ordinance consti-
    tuted a governmental function for which the township was
    entitled to governmental immunity.

    2. Plaintiff's claim that the township's agents committed an
    intentional tort by wilfully refusing to enforce the township
    ordinance despite their knowledge that a violation had oc-
    curred fails because the decision to enforce or not to enforce a
    zoning ordinance is entitled to the protection of governmental
    immunity.

    3. Plaintiff failed to allege that the township participated in

REFERENCES FOR POINTS IN HEADNOTES

[1] 57 Am Jur 2d, Municipal, School, and State Tort Liability § 27 *et
    seq.*
[2, 3] 57 Am Jur 2d, Municipal, School, and State Tort Liability § 114.
[2, 3, 7] 82 Am Jur 2d, Zoning and Planning § 249.
[4, 5] 57 Am Jur 2d, Municipal, School, and State Tort Liability §§ 79,
    90.
[6] 52 Am Jur 2d, Mandamus § 64.

the creation of the inlet or that it had any interest in or right of control over the property. Plaintiff's claim that the township's failure to enforce its ordinance constituted a common-law nuisance therefore fails because plaintiff failed to state a claim upon which relief could be granted.

4. Plaintiff's claim that the trial court erred by dismissing his equitable claim in which he sought to compel the township to abate the alleged nuisance fails because the township has no interest or right of control over the property. Furthermore, mandamus is not available because the decision to enforce or not to enforce a municipal ordinance is a discretionary activity. Plaintiff's equitable claim fails since he has other remedies to obtain the relief sought.

Affirmed.

1. GOVERNMENTAL IMMUNITY — GOVERNMENTAL FUNCTION.

The crux of the governmental essence test for deciding whether a government agency is immune by statute from liability for a tort should be an inquiry whether the purpose, planning, and carrying out of the activity, due to its unique character or governmental mandate, can be effectively accomplished only by the government; unless liability would be an unacceptable interference with government's ability to govern, activities that fall outside the guideline, although performed by a government agency, are not governmental functions and therefore the agency is not immune.

2. MUNICIPAL CORPORATIONS — ZONING ORDINANCES — FAILURE TO ENFORCE ORDINANCES.

Municipal corporations do not become insurers of property within their corporate limits from destruction by reason of the neglect or refusal of their officers and agents to enforce their ordinances.

3. ZONING — ENFORCEMENT OF ORDINANCES.

Decisions of a planning commission or other similar local agency concerning whether to enforce zoning ordinances are decisions which are so basic to the operation of a municipality that any attempt to create liability with respect thereto would constitute an unacceptable interference with the municipality's ability to govern.

4. GOVERNMENTAL IMMUNITY — INTENTIONALLY TORTIOUS ACTS.

Governmental immunity does not extend to intentionally tortious acts.

5. GOVERNMENTAL IMMUNITY — INTENTIONAL TORTS.

> A claim cannot be characterized as an intentional tort for purposes of determining governmental immunity where the complained-of act is one of omission rather than commission.

6. MANDAMUS — EQUITY.

> Mandamus is available only where there is a clear legal right to the performance of the specific duty sought to be compelled.

7. ZONING — ENFORCEMENT OF ORDINANCES — MANDAMUS.

> The decision to enforce or not to enforce a zoning ordinance is a discretionary activity and is not the proper subject matter of mandamus.

*Sinas, Dramis, Brake, Boughton, McIntyre & Reisig, P.C.* (by *Kenneth G. McIntyre*), for plaintiff.

*Willingham, Coté, Hanslovsky, Griffith & Foresman, P.C.* (by *Frederick M. Baker, Jr.*), for defendant.

Before: DANHOF, C.J., and J. H. GILLIS and M. R. KNOBLOCK,* JJ.

DANHOF, C.J. Plaintiff appeals as of right from an order of the trial court granting summary judgment in favor of Delta Township and dismissing plaintiff's complaint.

Plaintiff's complaint alleged that in 1978 defendants Jesse and Virginia Harrold were the owners of a parcel of residential property in Delta Township which was located near the Grand River. An inlet extended from their property to the river. In 1978, plaintiff's five-year-old son drowned while swimming in the inlet. Plaintiff alleged that the inlet constituted a nuisance. Plaintiff's claims against Delta Township were predicated on four separate theories. First, he claimed that the condition constituted a violation of the township's zon-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

ing ordinance and that the township had a duty to discover and abate the alleged zoning violation. In the alternative, he claimed that the township knew of the violation and despite that knowledge, it wilfully and wantonly refused to take steps to preclude the ordinance from being violated. Third, plaintiff claimed that the township's action in refusing to abate the condition constituted the maintenance of a common-law nuisance. Finally, plaintiff sought equitable relief seeking an order requiring the township to take action to abate the alleged nuisance.

The trial court granted summary judgment in favor of the township with respect to the first two claims on the basis of governmental immunity. It ruled that the plaintiff failed to state a claim against the township with respect to the nuisance claim. It also ruled that plaintiff failed to state a claim against the township with respect to its claim for equitable relief.

The trial court's decision concerning governmental immunity was predicated on MCL 691.1407; MSA 3.996(107), which provides:

"Sec. 7. Except as in this act otherwise provided, all governmental agencies shall be immune from tort liability in all cases wherein the government agency is engaged in the exercise or discharge of a governmental function. Except as otherwise provided herein, this act shall not be construed as modifying or restricting the immunity of the state from tort liability as it existed heretofore, which immunity is affirmed."

Plaintiff claims that the trial court erred in finding that the township's decision whether or not to enforce a zoning ordinance constituted a governmental function. We disagree.

As noted by various panels of this Court, our

decisions concerning issues relating to governmental immunity are governed by the test announced by Justice MOODY in *Parker v Highland Park,* 404 Mich 183; 273 NW2d 413 (1978), and *Perry v Kalamazoo State Hospital,* 404 Mich 205; 273 NW2d 421 (1978). See *Bokano v Wayne-Westland Community Schools,* 114 Mich App 79; 318 NW2d 613 (1982); *Churilla v East Detroit School Dist,* 105 Mich App 32; 306 NW2d 381 (1981); *Deaner v Utica School Dist,* 99 Mich App 103; 297 NW2d 625 (1980). *Parker, supra,* involved the operation of a municipal general hospital. *Perry, supra,* involved the operation of a state mental hospital. Six justices split evenly concerning the test to be employed to determine whether an activity should be regarded as a governmental function. The swing vote in each case was cast by Justice MOODY who stated in *Parker:*

"[A]s a basic guideline, the crux of the governmental essence test should be founded upon the inquiry whether the purpose, planning and carrying out of the activity, due to its unique character or governmental mandate, can be effectively accomplished only by the government. Unless liability would be an unacceptable interference with government's ability to govern, activities that fall outside this perimeter, although performed by a government agency, are not governmental functions and therefore not immune." *Parker, supra,* p 200.

Plaintiff acknowledges that the action taken by the township in enacting the zoning ordinance, being legislative in nature, must be deemed to constitute the performance of a governmental function. *Central Advertising Co v City of Novi,* 91 Mich App 303, 313-314; 283 NW2d 730 (1979). However, he contends that decisions relating to the enforcement of an ordinance are not entitled

to such immunity. He claims that this is especially so in the present case, because the township has provided in its ordinance for a mechanism whereby private citizens may bring an action to enjoin alleged zoning violations. Therefore, he claims that the activity involved is not one which "can be effectively accomplished only by government". *Parker, supra.*

We find this claim to be without merit. It has long been recognized in this jurisdiction that municipal corporations do not become insurers of the property within their corporate limits by reason of the neglect or refusal of their officers and agents to enforce their ordinances. *Hines v City of Charlotte,* 72 Mich 278, 284; 40 NW 333 (1888). See also *Central Advertising Co v City of Novi, supra; Ross v Consumers Power Co,* 93 Mich App 687, 695; 287 NW2d 319 (1979); *Antkiewicz v Motorists Mutual Ins Co,* 91 Mich App 389, 395; 283 NW2d 749 (1979), *vacated on other grounds* 407 Mich 936 (1979). Furthermore, most other jurisdictions also follow the rule that governmental agencies are not liable for failure to investigate or enforce an ordinance violation. Anno: *Liability of municipality or other governmental unit for failure to provide police protection,* 46 ALR3d 1084; 57 Am Jur 2d, Municipal, School, and State Tort Liability, § 114, p 122. Even those members of the Supreme Court who support the less restrictive test of governmental immunity announced in *Parker, supra,* and *Perry, supra,* would, in our opinion, hold that the township's failure to enforce its ordinance cannot serve as a basis to impose liability. In *Thomas v Dep't of State Highways,* 398 Mich 1; 247 NW2d 530 (1976), four members of the Court ruled that the maintenance and improvement of a highway is a governmental function. Three members of the Court dissented. However, the dissenters acknowl-

edged that, in order to effectively govern, the government must be held to be immune from liability when engaged in the performance of certain activities:

"[W]e agree with the California Law Revision Commission:

" 'Decisions of legislators to enact or not to enact legislation; decisions of prosecutors to prosecute or not to prosecute persons suspected of crime; decisions of judges to grant or not to grant judgment for a particular party—these and other comparable types of governmental activity are examples of the kinds of functions which imperatively require complete independence from threat of tort consequences to insure their fearless and objective performance.' 5 Cal Law Revision Comm Report, Recommendations and Studies, pp 281, 282 (1963)." *Thomas, supra,* p 22.

In our view, the activity involved here must be deemed to be within the protection of the statute. To hold otherwise would severely discourage municipalities from enacting ordinances which provide for the welfare of their citizens out of fear that their failure to zealously enforce those ordinances would open the floodgates of litigation. Therefore, we find that decisions of a planning commission, or other similar local agency, concerning whether to enforce zoning ordinances are decisions which are so basic to the operation of a municipality that any attempt to create liability with respect thereto would constitute "an unacceptable interference with [the municipality's] ability to govern". *Parker, supra.* The fact that the township has provided a procedure whereby private citizens may undertake to abate a violation does not alter this conclusion. The mere fact that a municipal agency is not the sole authority charged with enforcement of an ordinance does not mean

that the activity has a common analogy in the private sector. On the contrary, in this case it was the governmental entity itself which provided its citizens with the ability to take this enforcement action. Without such legislative action there could be no such authority, indeed there would not even be an ordinance to enforce. Consequently, this activity is one which is uniquely associated with governmental enterprise. Therefore, the township is immune from suit with respect to this claim.

Plaintiff's claim of intentional tort must also fail. In *Lockaby v Wayne County,* 406 Mich 65; 276 NW2d 1 (1979), and *McCann v Michigan,* 398 Mich 65; 247 NW2d 521 (1976), the Supreme Court ruled that governmental immunity does not extend to intentionally tortious acts. Plaintiff claims that the township's agents committed an intentional tort by wilfully refusing to enforce this ordinance despite their knowledge that a violation had occurred. The difficulty with this argument is that virtually all decisions not to enforce an ordinance will be made in a wilfull manner. However, we have already ruled that such activities are entitled to immunity. Therefore, for the reasons discussed above, this claim must also fail.

Plaintiff's reliance on *Shunk v State of Michigan,* 97 Mich App 626, 628; 296 NW2d 129 (1980), was misplaced. *Shunk* involved the Department of Labor's intentional refusal to take steps under the Michigan Occupational Safety and Health Act, MCL 408.1001 *et seq.;* MSA 17.50(1) *et seq.,* to abate a serious health hazard which existed on the premises where plaintiff was employed. The Court's ruling that the department was not entitled to immunity was premised on MCL 408.1031(4); MSA 17.50(31)(4), which gives employees the right to maintain an action against the

department where it arbitrarily and capriciously refuses to fulfill its statutory duties. But, see *O'Dell v Dep't of Labor,* 100 Mich App 642; 300 NW2d 353 (1980). There is no similar statutory authorization involved in the present case.

To the extent that *Shunk, supra,* holds that a governmental agency may be held liable, in the absence of a statute authorizing the imposition of liability, for its intentional failure to enforce a statutory provision, we disagree with that holding. The Supreme Court's decisions concerning the avoidance of governmental immunity where intentional torts are involved relate to torts such as assault, *Lockaby, supra,* and intentional interference with economic relations, defamation and slander, *McCann, supra.* This Court has also ruled that immunity is not available where claims such as conversion, *Willis v Ed Hudson Towing, Inc,* 109 Mich App 344; 311 NW2d 776 (1981), trespass, *Madajski v Bay County Dep't of Public Works,* 99 Mich App 158; 297 NW2d 642 (1980), and other similar claims are involved. All of these decisions have involved claims concerning activities which have traditionally been regarded as intentional torts. In our opinion, for purposes of determining governmental immunity, where the complained-of act is one of omission, rather than commission, the claim cannot be characterized as an intentional tort.

Therefore, the trial court correctly ruled that the township is immune from suit.

Plaintiff next claims that the township's failure to enforce its ordinance constituted a common-law nuisance. Although we agree that a properly pled claim of nuisance may serve to avoid the immunity provisions of the statute, *Rosario v City of*

*Lansing,* 403 Mich 124; 268 NW2d 230 (1978), plaintiff's complaint does not allege such a claim. Plaintiff has failed to allege that the township participated in the creation of the inlet or that it had any interest in or right of control over the property. See *Radloff v State of Michigan,* 116 Mich App 745; 323 NW2d 541 (1982); *Rosarios, supra.* Therefore, plaintiff has failed to state a claim. *Steman v Coffman,* 92 Mich App 595, 598; 285 NW2d 305 (1979); *Coburn v Public Service Comm,* 104 Mich App 322, 327; 304 NW2d 570 (1981).

Plaintiff's final claim is that the trial court erred by dismissing his equitable claim in which he sought to compel the township to abate the alleged nuisance. We note that the township cannot directly abate the condition because, as noted above, it has no interest in or right of control over the property. Therefore, plaintiff's claim is more properly characterized as a claim for mandamus by which he seeks to compel the township to perform its "duty" to enforce its ordinance. GCR 1963, 714.1(2). However, mandamus is only available where there is a clear legal right to the performance of the specific duty sought to be compelled. *Pilarowski v Brown,* 76 Mich App 666, 674; 257 NW2d 211 (1977). Since the decision whether to enforce a municipal ordinance is a discretionary activity, mandamus is not available. *Kortering v Muskegon,* 41 Mich App 153; 199 NW2d 660 (1972). This is especially so in this case since plaintiff himself is empowered to bring an action to enforce the ordinance, or to bring an action to abate the nuisance. Since plaintiff has other remedies to obtain the relief sought, this claim must fail.

Affirmed. No costs, a public question.