MOSQUEDA v MACOMB COUNTY YOUTH HOME

Docket Nos. 66701, 66702. Submitted October 5, 1983, at Detroit.— Decided March 5, 1984.

Candida Mosqueda, as personal representative of the estate of John Mendoza, brought an action in Macomb Circuit Court against Macomb County Youth Home, alleging that the home was negligent in its care of Mendoza, a minor delinquent state ward committed to its care, and permitted Mendoza to hang himself in his room at the home. A similar action was commenced by Mosqueda as guardian of Rosa Fonseca, mother of Mendoza. Defendant moved for summary judgment on the basis of governmental immunity. The motions were granted and the complaints were dismissed with the provision that plaintiff might amend her complaints, George R. Deneweth, J. Plaintiff filed amended complaints, adding claims that the death resulted from the intentional torts of the defendant and that the failure of defendant to provide proper medical and psychological services to the deceased deprived the deceased of his civil rights so that there was a cause of action under the federal

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 4] 57 Am Jur 2d, Municipal, School, and State Tort Liability §§ 79, 90.

[2, 5] 57 Am Jur 2d, Municipal, School, and State Tort Liability § 88.

[3, 5-7] 57 Am Jur 2d, Municipal, School, and State Tort Liability §§ 310, 311.

[4] 57 Am Jur 2d, Municipal, School, and State Tort Liability § 85.

[5] 57 Am Jur 2d, Municipal, School, and State Tort Liability § 45 et seq.

[6, 7] 57 Am Jur 2d, Municipal, School, and State Tort Liability § 154.

[7] 5 Am Jur 2d, Appeal and Error § 594.

[8] 15 Am Jur 2d, Civil Rights §§ 268, 269.

60 Am Jur 2d, Penal and Correctional Institutions § 52.

Relief under Federal Civil Rights Acts to state prisoners complaining of denial of medical care. 28 ALR Fed 279.

[9] 61A Am Jur 2d, Pleading § 230.

[10] 15 Am Jur 2d, Civil Rights §§ 280, 282, 283.

Survivability of civil rights cause of action based on 42 USCS § 1983. 42 ALR Fed 163.

civil rights act. Defendant again moved for summary judgment. The motions were granted. Plaintiff appeals. *Held:*

1. The commission of an intentional tort is not in the exercise of a governmental function within the meaning of the governmental immunity statute. While plaintiff's amended complaints claimed that the acts of defendant amounted to an intentional tort, the mere characterization of an activity as being wilful or intentional is not dispositive. Since plaintiff alleged only acts of omission rather than acts of commission, an intentional tort was not pleaded. The trial court properly granted a summary judgment in each case on the basis of governmental immunity as to the intentional tort count.

2. The question of whether the acts of defendant's employees were ministerial rather than discretionary is not relevant to this case, because the ministerial-discretionary test is only relevant where suit is brought against individual employees of a governmental agency, and plaintiff did not commence suit against any individual employees.

3. Plaintiff may not properly argue on appeal the question of the applicability of the public building exception to the governmental immunity statute, since that theory was neither pled nor argued in the trial court.

4. The trial court erred in dismissing plaintiff's claim which alleged that defendant's failure to provide reasonable medical or psychological care constituted a violation of the deceased's civil rights. Such a claim is cognizable under the federal civil rights act. Since plaintiff pled the requisite elements for such a civil rights claim, and defendant's motions for summary judgment were based upon the failure of plaintiff to state a legally enforceable claim, plaintiff should have been permitted to make further factual development of those claims.

5. While a civil rights claim may ordinarily be brought only by the person whose rights were violated, where death results from the alleged violation of the civil rights and there exists a right to bring a wrongful death action, a person authorized to bring the wrongful death action may pursue the civil rights claim.

Affirmed in part; reversed in part.

1. GOVERNMENTAL IMMUNITY — INTENTIONAL TORTS.

The commission of an intentional tort is not in the exercise or discharge of a governmental function within the meaning of the governmental tort liability act (MCL 691.1407; MSA 3.996[107]).

2. Governmental Immunity — Governmental Agencies — Intentional Misconduct — *Respondeat Superior.*

A governmental agency may be liable under the doctrine of *respondeat superior* for an agent's intentional misconduct.

3. Governmental Immunity — Pleading.

The criterion to be employed in determining whether governmental immunity applies in a given case in which it is claimed that there was tortious activity taking the activity outside the ambit of governmental immunity is whether the plaintiff has pleaded facts showing tortious activity which is outside the exercise or discharge of the governmental function; merely characterizing activity as wilful, intentional, and in conscious disregard of the consequences is not dispositive.

4. Governmental Immunity — Intentional Torts — Acts of Omission — Acts of Commission.

A claim cannot be characterized as one for an intentional tort for purposes of determining that the tort takes the activity outside the ambit of governmental immunity where the complained-of act is one of omission rather than commission.

5. Governmental Immunity — Government Employees — Pleading.

There is a split of authority as to whether the discretionary/ministerial test or the scope of employment test is the proper test to apply to determine whether government employees are immune from tort liability; the debate as to which test is proper is relevant only where individual government employees are named as defendants.

6. Governmental Immunity — Public Buildings — Pleading.

The public building exception to the statutory grant of governmental immunity is available only upon the pleading and proof that there was a defect in a building under the control of a governmental agency, that the agency had knowledge of the defect, and that the agency failed to remedy the condition or take action reasonably necessary to protect the public against injury from the defective condition of the building (MCL 691.1406; MSA 3.996[106]).

7. Governmental Immunity — Public Buildings — Pleading — Appeal — Preserving Question.

The failure to specifically plead in one's complaint the public building exception to the general statutory grant of governmental immunity or to otherwise specifically raise and argue in the trial court the question of the applicability of that exception

precludes raising on appeal the question of the applicability of that exception (MCL 691.1406; MSA 3.996[106]).

8. CIVIL RIGHTS — ACTIONS — INCARCERATED PERSONS — MEDICAL CARE — FEDERAL CIVIL RIGHTS ACT.

   A state agency may be liable under the provisions of the federal civil rights act for injuries resulting from the agency's failure to provide adequate medical or psychological care to a person incarcerated by the state (42 USC 1983).

9. JUDGMENTS — SUMMARY JUDGMENT — FAILURE TO STATE CLAIM.

   A motion for summary judgment on the basis of the failure to state a claim upon which relief can be granted is tested on the pleadings alone and tests the legal basis for the complaint, not whether the claims can be factually supported; such a motion should be denied unless the claim is so clearly unenforceable as a matter of law that no factual development can possibly justify a right to recovery (GCR 1963, 117.2[1]).

10. CIVIL RIGHTS — PARTIES — FEDERAL CIVIL RIGHTS ACT — PERSONAL REPRESENTATIVES.

    An action under the federal civil rights act for an alleged deprivation of civil rights which resulted in death may be brought by the personal representative of the estate of the deceased or the guardian of the estate of the parent of the deceased (42 USC 1983).

*Marston, Sachs, Nunn, Kates, Kadushin & O'Hare, P.C.* (by *Kathleen L. Bogas*), for plaintiff.

*Thomas L. Butler,* Corporation Counsel, for defendant.

Before: M. J. KELLY, P.J., and HOOD and SHEPHERD, JJ.

SHEPHERD, J. Plaintiff appeals as of right from the summary judgments entered in favor of defendant in the two actions brought by plaintiff. In both cases, the trial court based the grants of summary judgment upon the governmental immunity claimed by defendant.

On February 26, 1979, plaintiff's decedent, John

Mendoza, was made a delinquent state ward and remanded to defendant youth home. He had previously been held in the youth home in connection with the same charge from September, 1978, to January, 1979, but had been released on bond under "house restriction" to his own home until final disposition was made in February, 1979. On February 27, 1979, apparently the day after he was sent to defendant youth home, at approximately 8:30 p.m., Mendoza hanged himself in his room. He died in a hospital approximately ten days later.

Complaints were filed in November, 1981, by plaintiff as personal representative of the estate of Mendoza and as guardian for the estate of Rosa Fonseca, Mendoza's mother. In March, 1982, plaintiff moved to amend the complaint on behalf of Mendoza's estate. In April, 1982, defendant moved for summary judgment based on governmental immunity. As a result of the motions for summary judgment, plaintiff's complaints were dismissed with the provision that she would be allowed to amend. After her amended complaints were filed, the trial court entered its opinion and order granting summary judgment as to both actions. Plaintiff raises four issues on appeal, one of which is meritorious.

Plaintiff first argues that her amended complaints adequately alleged an intentional tort. Since no governmental immunity exists for intentional torts, plaintiff argues that summary judgment as to those claims was improper. In Count II of each of her amended complaints, plaintiff alleged that defendant intentionally, wilfully, and wantonly caused Mendoza's death. Essentially the same allegation was made in Count II of each of her initial complaints except that there plaintiff

had not alleged that defendant's conduct was intentional.

It now appears to be well settled in Michigan law that an intentional tort is not within the exercise or discharge of a governmental function. Governmental immunity is therefore not available as a defense to an intentional tort. *Lockaby v Wayne County*, 406 Mich 65; 276 NW2d 1 (1979); *Graves v Wayne County*, 124 Mich App 36; 333 NW2d 740 (1983). A governmental agency may be liable for an employee's intentional misconduct under the doctrine of *respondeat superior. Graves, supra; Gaston v Becker*, 111 Mich App 692; 314 NW2d 728 (1981).

However, not all intentional activity constitutes an intentional tort. See *Randall v Delta Charter Twp*, 121 Mich App 26; 328 NW2d 562 (1982); *Jacobs v Dep't of Mental Health*, 88 Mich App 503; 276 NW2d 627 (1979). In *Elliott v Dep't of Social Services*, 124 Mich App 124; 333 NW2d 603 (1983), this Court recently noted:

"The *Randall* opinion emphasizes, and common sense indicates, that negligence is not transformed into an intentional tort by merely alleging that defendant's activity was intentional, wilful, and in conscious disregard of the consequences. Otherwise governmental immunity from tort liability would be eliminated. As clarified by *Randall* and *Smith*'s *[Smith v State of Michigan*, 122 Mich App 340; 333 NW2d 50 (1983)] careful analysis, the criterion employed by a majority of the Supreme Court in determining whether governmental immunity applies is whether the plaintiff has pleaded facts showing tortious activity which *is outside the exercise or discharge of the governmental function.* Merely characterizing activity as 'wilful', 'intentional', and 'in conscious disregard of the consequences' is not dispositive." *Elliott, supra,* pp 128-129. (Emphasis in original.)

Applying the *Randall* analysis, we conclude that the trial judge did not err in granting summary judgment as to plaintiff's claim of intentional tort in each case. Count II of each of plaintiff's amended complaints consisted of the same conclusionary allegations made in her initial complaints. No facts were pled by plaintiff which showed that an intentional tort had been committed. In fact, plaintiff did not actually label the intentional tort which defendant was supposed to have committed. In *Elliott, supra,* this Court supported the limitation on the characterization of intentional torts proposed in *Randall.* Citing *Randall,* this Court said:

" 'The Supreme Court's decisions concerning the avoidance of governmental immunity where intentional torts are involved relate to torts such as assault, *Lockaby, supra,* and intentional interference with economic relations, defamation and slander, *McCann [v State of Michigan,* 398 Mich 65; 247 NW2d 521 (1976)]. This Court has also ruled that immunity is not available where claims such as conversion, *Willis v Ed Hudson Towing, Inc,* 109 Mich App 344; 311 NW2d 776 (1981), trespass, *Madajski v Bay County Dep't of Public Works,* 99 Mich App 158; 297 NW2d 642 (1980), and other similar claims are involved. All of these decisions have involved claims concerning activities which have traditionally been regarded as intentional torts. In our opinion, for purposes of determining governmental immunity, where the complained-of act is one of omission, rather than commission, the claim cannot be characterized as an intentional tort.' *Randall,* p 26." *Elliott, supra,* p 130.

As to Count II of each complaint, therefore, summary judgment was proper.

Plaintiff next argues that, even if she failed to plead an intentional tort in avoidance of governmental immunity, the conduct of defendant was

ministerial and therefore no immunity attached thereto. At present, this Court is split on whether the discretionary/ministerial test or the scope of employment test is the proper standard to apply when determining whether government employees are immune from tort actions. *Cf. Layton v Quinn,* 120 Mich App 708; 328 NW2d 95 (1982); *Lewis v Beecher School System,* 118 Mich App 105; 324 NW2d 779 (1982).

The discretionary/ministerial debate is relevant, however, only where individual employees are named as defendants. See *Willis v Neinow,* 113 Mich App 30, 38-40; 317 NW2d 273 (1982); *Armstrong v Ross Twp,* 82 Mich App 77, 83-84; 266 NW2d 674 (1978). Since plaintiff failed to commence suit against individual employees of defendant, and did not raise this argument before the trial court, this Court need not and will not review this issue.

Plaintiff next claims that defendant failed to properly maintain its premises, which were defective under the public building exception to governmental immunity. That statutory exception provides in pertinent part:

"Governmental agencies have the obligation to repair and maintain public buildings under their control when open for use by members of the public. Governmental agencies are liable for bodily injury and property damage resulting from a dangerous or defective condition of a public building if the governmental agency had actual or constructive knowledge of the defect and, for a reasonable time after acquiring knowledge, failed to remedy the condition or take action reasonably necessary to protect the public against the condition." MCL 691.1406; MSA 3.996(106).

The statute sets forth the elements of proof of the

action: (1) defect(s); (2) knowledge; and (3) failure to act.

Plaintiff's amended complaint alleges in relevant part:

"6. That such injury and resultant death was proximately caused by the intentional, grossly negligent, negligent acts and/or wilful and wanton misconduct of the defendant, by and through its agents, servants and/or employees, by such acts, including, but not limited to:

"a. Failing to maintain its premises in a reasonably safe condition;

"b. Failing to hire competent, careful and knowledgeable agents, servants and/or employees to maintain, inspect and repair its premises so as to render same in a reasonably safe condition;"

Plaintiff, however, failed to sufficiently plead the statutory defect exception to immunity in her complaint. First, even if it can be said that plaintiff alleged that defendant failed to act, there is no specific allegation of a defect. Second, plaintiff did not mention the statute in her complaint. She now suggests that the allegations in support of her negligence claim, in fact, constituted a defective building claim. We disagree.

The building exception is not a negligence action. In *Weaver v Duff Norton Co,* 115 Mich App 286; 320 NW2d 248 (1982), this Court precluded reliance on the exception to avoid a motion for summary judgment where plaintiff failed to plead the statutory exception and had alleged negligence instead. It appears that, in the instant case, plaintiff discovered the statutory exception too late, since the exception was neither in the complaint nor, from the record before us, does it appear that it was raised before the trial court. Summary judgment on this issue was therefore proper.

Finally, plaintiff argues that the trial court erred in dismissing her 42 USC 1983 claim for deprivation of the rights guaranteed Mendoza by the Eighth Amendment to the United States Constitution. The Eighth Amendment is applicable to this state through the Fourteenth Amendment. *Estelle v Gamble,* 429 US 97; 97 S Ct 285; 50 L Ed 2d 251 (1976); *Robinson v California,* 370 US 660; 82 S Ct 1417; 8 L Ed 2d 758 (1962). Cruel and unusual punishment prohibited by the Eighth Amendment may include the denial of medical or psychological treatment. In *O'Bryan v Saginaw County,* 437 F Supp 582, 596 (ED Mich, 1977), the court said:

"In determining whether the conditions of confinement constitute cruel and unusual punishment, the Courts have increasingly viewed the effect of the incarceration on the individual. Prison conditions should not threaten a prisoner's sanity or physical or mental health".

In *Westlake v Lucas,* 537 F2d 857 (CA 6, 1976), a prisoner appealed the dismissal of his 42 USC 1983 action stemming from the denial of medical treatment for a bleeding ulcer. The complaint was dismissed for failure to state a claim upon which relief could be granted. The Sixth Circuit said:

"This Court has recognized that under some circumstances the denial of medical care to a prisoner may give rise to a violation of Fourteenth Amendment due process." 537 F2d 859.

The Sixth Circuit recognized that other courts had based the right to treatment on the Eighth Amendment. 537 F2d 859, fn 2. The rationale for

reliance on the Fourteenth Amendment was set forth:

" 'The logic of these pronouncements is not difficult to perceive. An individual incarcerated, whether for a term of life for the commission of some heinous crime, or merely for the night to "dry out" in the local drunk tank, becomes both vulnerable *and* dependent upon the state to provide certain simple and basic human needs. Examples are food, shelter, and sanitation. Facilities may be primitive, but they must be adequate. Medical care is another such need. Denial of necessary medical attention may well result in disabilities beyond that contemplated by the incarceration itself. The result may be crippling injury, as alleged here, or * * * the very deprivation of life itself, since, *restrained by the authority of the state,* the individual cannot himself seek medical aid or provide the other necessities for sustaining life and health.' " 537 F2d 860, quoting *Fitzke v Shappell,* 468 F2d 1072, 1076 (CA 6, 1972). (Emphasis in original.)

The Sixth Circuit then held:

"In our view, Appellant has adequately stated a cause of action for deprivation of needed medical care and the District Court was in error in dismissing the case at the pleading stage. Appellant has alleged that he was forced to endure a period of intense discomfort because his pleas for medical assistance went unheeded by his jailers. He should have the opportunity to prove the truth of his allegations at an evidentiary hearing. Appellees should be directed to respond to Appellant's complaint and, should the trier of fact conclude that Appellant's accusations are true, the District Court is empowered to grant complete relief." 537 F2d 861.

*Westlake* was among the cases cited by the United States Supreme Court in *Estelle v Gamble, supra,* where Gamble brought a § 1983 action, complaining of the treatment he received after an

injury. He claimed that he had been subjected to cruel and unusual punishment in violation of the Eighth Amendment. The district court, *sua sponte,* dismissed the complaint for failure to state a claim upon which relief could be granted. The court of appeals reversed and certiorari was granted.

After a review of several decisions interpreting the Eighth Amendment, the Supreme Court said:

"We therefore conclude that deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain,' *Gregg v Georgia* [428 US 153; 96 S Ct 2909; 49 L Ed 2d 859 (1976)], at 173 (joint opinion), proscribed by the Eighth Amendment." 429 US 104.

The Supreme Court then set forth the appropriate standard for pleadings in avoidance of dismissal:

"In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. It is only such indifference that can offend 'evolving standards of decency' in violation of the Eighth Amendment." 429 US 106.

Recently, the requirements of *Estelle, supra,* and *Westlake, supra,* were again applied by the Sixth Circuit in *Byrd v Wilson,* 701 F2d 592 (CA 6, 1983). In *Byrd,* the district court dismissed the prisoner's § 1983 complaint which had alleged inadequate medical treatment. The Sixth Circuit reversed, finding that a valid cause of action was stated. The panel concluded:

"Since *Westlake* establishes the validity of a claim for deliberate indifference, this Court concludes that the district court's dismissal of this complaint as frivolous was clearly erroneous. Although the denial and/or in-

difference to appellant's medical needs existed for only a short period of time, the complaint still satisfies the standards articulated in *Estelle* and *Westlake* and withstands the test of frivolity. Therefore, the appellant is entitled the opportunity to offer his proof." 701 F2d 595.

This issue was fully examined and discussed in *Brewer v Perrin,* 132 Mich App 520; 349 NW2d 198 (1984). We adopt with approval the analysis of the § 1983 issue provided in that case, which clearly supports the existence of a valid § 1983 action where incarcerated persons are not provided with necessary medical or psychological treatment.[1]

In the instant case, summary judgment was granted pursuant to GCR 1963, 117.2(1) rather than GCR 1963, 117.2(3), the basis for summary judgment in *Brewer, supra.* A motion based on GCR 1963, 117.2(1) for failure to state a claim is to be tested by the pleadings alone and tests the legal basis of the complaint, not whether it can be factually supported. *Partrich v Muscat,* 84 Mich App 724, 729; 270 NW2d 506 (1978). Unless the claim is so clearly unenforceable as a matter of law that no factual development can possibly justify a right to recovery, the motion should be denied. *Brosnan v Livonia Public Schools,* 123 Mich App 377; 333 NW2d 288 (1983); *Crowther v Ross Chemical & Manufacturing Co,* 42 Mich App 426; 202 NW2d 577 (1972).

In the instant case, plaintiff alleged in her complaints that defendant was deliberately indifferent to Mendoza's need for medical and/or psychological attention. Plaintiff also alleged that the need

---

[1] While in general the cases relevant to this issue involve prisons rather than youth homes, we do not find the difference controlling. Mendoza was made a delinquent ward of the state and remanded to defendant youth home. He was not allowed to leave and was dependent upon defendant's personnel for medical treatment.

was serious and that defendant knew or should have known of Mendoza's depressed condition and his need for attention.

We believe that these allegations were sufficient, when taken with the facts contained in plaintiff's complaints, to state a valid cause of action under 42 USC 1983. The claims were therefore not clearly unenforceable and plaintiff was entitled to offer further factual development of her claims. Summary judgment as to this issue was improvidently granted and plaintiff's § 1983 claims on behalf of John Mendoza and on behalf of Rosa Fonseca are reinstated.[2]

Affirmed in part; reversed in part.

Remanded. No costs, neither party having prevailed in full.

---

[2] In general, a person may not sue for the deprivation of civil rights of others. *O'Malley v Brierley*, 477 F2d 785, 789 (CA 3, 1973). An exception to this rule exists, however, where a state gives a parent a claim for a minor's wrongful death. See *Mattis v Schnarr*, 502 F2d 588 (CA 8, 1974); *Smith v Wickline*, 396 F Supp 555 (WD Okla, 1975). Under Michigan's wrongful death statute, MCL 600.2922; MSA 27A.2922, decedent's mother, as a member of the class entitled to inherit the decedent's personal property had he died intestate, had a right to bring such an action. Plaintiff is therefore entitled to raise § 1983 claims on behalf of both the decedent and his mother.