CHRISTOPHER v BAYNTON

Docket No. 74201. Submitted December 6, 1984, at Detroit.—Decided
March 5, 1985. Leave to appeal applied for.

Marsha Christopher, a United States Postal Service employee,
was attacked by a vicious dog while delivering mail in the City
of Taylor. Christopher and her husband brought an action
against Robert Baynton, the city's pound master, the city and
others alleging negligence, intentional tort and nuisance. The
Wayne Circuit Court, Thomas J. Brennan, J., granted summary
judgment for defendants Baynton and the city. Plaintiff ap-
pealed. *Held:*

1. A city's activities in enforcing its animal control ordi-
nances are a nonproprietary governmental function entitled to
the protection of governmental immunity. Summary judgment
for the city was proper.

2. Governmental officials are protected by the doctrine of
governmental immunity where their actions are discretionary
decisional acts within the scope of their employment. Baynton's
activities in enforcing the city's animal control ordinance were
discretionary and entitled to the protection of governmental
immunity.

3. Governmental negligence does not become an intentional
tort merely because the government acted wilfully or intention-
ally in doing or failing to do a particular act, since such a rule
would virtually eliminate the doctrine of governmental immu-
nity. Instead the government's tortious activity must fall out-
side of the exercise or discharge of a governmental function.
Plaintiffs' complaint did not allege facts in avoidance of the
doctrine of governmental immunity. Therefore, summary judg-

REFERENCES FOR POINTS IN HEADNOTES
[1] 4 Am Jur 2d, Animals § 41.
  57 Am Jur 2d, Municipal School, and State Tort Liability § 27 *et
  seq.*
[2] 63A Am Jur 2d, Public Officers and Employees § 358 *et seq.*
[3] 57 Am Jur 2d, Municipal, School, and State Tort Liability §§ 27 *et
  seq.,* 90.
[4] 57 Am Jur 2d, Municipal, School, and State Tort Liability § 310.

ment on plaintiffs' allegation of intentional tort was properly granted.

4. Plaintiffs' complaint did ·not allege that the city participated in the creation of the nuisance or that the city had control over it. Summary judgment was proper as to the allegation of nuisance.

Affirmed.

1. GOVERNMENTAL IMMUNITY — ANIMALS.

A city's activities in enforcing its animal control ordinances are a nonproprietary governmental function entitled to the protection of governmental immunity.

2. GOVERNMENTAL IMMUNITY — GOVERNMENTAL OFFICIALS.

Governmental officials are protected by the doctrine of governmental immunity where their actions are discretionary decisional acts within the scope of their employment.

3. GOVERNMENTAL IMMUNITY — NEGLIGENCE — INTENTIONAL TORTS.

Governmental negligence does not become an intentional tort merely because the government acted wilfully or intentionally in doing or failing to do a particular act, since such a rule would virtually eliminate the doctrine of governmental immunity; instead, the government's tortious activiity must fall outside of the exercise or discharge of a governmental function.

4. GOVERNMENTAL IMMUNITY — ACTIONS — PLEADINGS.

A complaint against a governmental entity engaged in a governmental function must plead facts in avoidance of governmental immunity to state an actionable claim.

*Siemion, Huckabay, Bodary, Padilla & Morganti, P.C.* (by *Raymond W. Morganti*), for plaintiffs.

*Fitzgerald, Hodgman, Kazul, Rutledge, Cawthorne & King, P.C.* (by *Charles E. Murphy*), for defendant.

Before: DANHOF, C.J., and T. M. BURNS and R. H. BELL,* JJ.

PER CURIAM. Plaintiff Marsha Christopher was attacked by a dog while delivering mail in the City

---

* Circuit judge, sitting on the Court of Appeals by assignment.

of Taylor. She suffered serious injuries and she and her husband filed this suit against Robert Baynton, the city's pound master, the City of Taylor, and "John Doe I and II" alleging negligence, intentional tort, and nuisance. The trial court found that the City of Taylor and Robert Baynton were protected by governmental immunity and, therefore, granted defendants' motion for summary judgment. Plaintiffs appeal as of right.

We first consider whether the city's activities in enforcing its animal control ordinance are governmental functions. Plaintiffs argue that the activities of the pound master in enforcing the animal control ordinances are not of the essence of governing. *Parker v City of Highland Park,* 404 Mich 183; 273 NW2d 413 (1978). We feel that protection of the public from vicious, dangerous or diseased animals is a nonproprietary governmental function and, therefore, the trial court properly granted summary judgment in favor of the City of Taylor. *Ross v Consumers Power Co (On Rehearing),* 420 Mich 567; 363 NW2d 641 (1985).

We next consider whether Robert Baynton, the pound master, is also protected by governmental immunity. Plaintiffs argue that Mr. Baynton's activities are ministerial and, therefore, he is not protected by governmental immunity. Lower level government officials, such as Mr. Baynton, are immune when they are performing discretionary decisional acts within the scope of their employment. *Ross, supra.*

We feel that Mr. Baynton's activities are discretionary and, therefore, he is protected by governmental immunity. Plaintiffs basically claim that Mr. Baynton was negligent in failing to properly dispose of the animal pursuant to the animal control ordinance. While Taylor's animal control ordinance provides some guidance as to how Mr.

Baynton is to perform his job, the ordinance grants Mr. Baynton a rather large amount of discretion in determining whether an animal is vicious and how it should be disposed of. All parties note that Taylor's ordinance is substantially similar to the Dog Law, MCL 287.261 *et seq.;* MSA 12.511 *et seq.* The disposition of an animal under the Dog Law is a discretionary act. *Finley v Barker,* 219 Mich 442; 189 NW 197 (1922); *Youngblood v Jackson County,* 28 Mich App 361; 184 NW2d 290 (1970).

We next consider whether the lower court properly dismissed plaintiffs' allegations of an intentional tort. Plaintiffs alleged that Mr. Baynton recieved several complaints regarding the dog which attacked plaintiff and wilfully failed to comply with the animal control ordinance by impounding and destroying the dog. For legal support to this allegation, plaintiffs rely on *Shunk v Michigan,* 97 Mich App 626; 296 NW2d 129 (1980). In that case, plaintiffs suffered injuries as a result of coming into contact with PBB (polybrominate biphenyl). The plaintiffs alleged that the Department of Public Health wilfully and intentionally failed to take appropriate actions to control the use and manufacture of PBB as required by statute. MCL 408.1031; MSA 17.50(31). This Court held that plaintiffs properly pled a cause of action.

In the instant case, the lower court considered *Shunk* and found that it was distinguishable, relying on *Disappearing Lakes Ass'n v Dep't of Natural Resources,* 121 Mich App 61, 69; 328 NW2d 570 (1982), *lv gtd* 417 Mich 935 (1983). Since the trial court's decision in the instant case, *Shunk* has been reconsidered by this Court again after the case was originally remanded. *Shunk v Michigan (After Remand),* 132 Mich App 632; 347 NW2d 767 (1984). In that opinion, this Court stated:

"Plaintiffs' sole claim is that defendants acted intentionally and wilfully in refusing to take action under MCL 408.1031; MSA 17.50(31). However, as this Court has recently explained, negligence does not become an intentional tort merely because the government acted wilfully or intentionally in doing or failing to do a particular act, since such a rule would virtually eliminate the doctrine of governmental immunity. *Elliott v Dep't of Social Services,* 124 Mich App 124, 128-129; 333 NW2d 603 (1983). Instead, the government's tortious activity must fall outside the exercise or discharge of a governmental function. *Elliott v Dep't of Social Services, supra,* p 129; *Smith v Michigan,* 122 Mich App 340, 345; 333 NW2d 50 (1983). Generally, the intentional tort exception to the governmental immunity doctrine has been limited to traditional intentional torts, *Randall v Delta Charter Twp,* 121 Mich App 26, 34; 328 NW2d 562 (1982), and acts of omission rather than commission are not generally characterized as intentional torts. *Elliott v Dep't of Social Services, supra,* p 130, citing *Randall v Delta Charter Twp, supra,* p 34." 132 Mich App 636.

This Court concluded that summary judgment was properly granted on plaintiffs' allegation of intentional tort since plaintiffs failed to present any factual evidence in support of their claim. In the instant case, plaintiffs' claim is similarly flawed. The trial court therefore did not err in granting summary judgment as to plaintiffs' claim of intentional tort.

Plaintiffs finally claim that the lower court erred in granting summary judgment as to her allegation of intentional nuisance. In *Randall, supra,* pp 34-35, this Court stated:

"Plaintiff next claims that the township's failure to enforce its ordinance constituted a common-law nuisance. Although we agree that a properly pled claim of nuisance may serve to avoid the immunity provisions of the statute, *Rosario v City of Lansing,* 403 Mich 124;

268 NW2d 230 (1978), plaintiff's complaint does not allege such a claim. Plaintiff has failed to allege that the township participated in the creation of the inlet or that it had any interest in or right of control over the property. See *Radloff v State of Michigan,* 116 Mich App 745; 323 NW2d 541 (1982); *Rosario, supra.* Therefore, plaintiff has failed to state a claim. *Steman v Coffman,* 92 Mich App 595, 598; 285 NW2d 305 (1979); *Coburn v Public Service Comm,* 104 Mich App 322, 327; 304 NW2d 570 (1981)."

In the instant case, plaintiffs have failed to allege that the City of Taylor participated in the creation of the nuisance or had any interest in or right of control over it. The facts of the instant case are insufficient to support a claim of intentional nuisance. The lower court, therefore, did not err in granting summary judgment.

Affirmed.