## PACINI v CITY OF DETROIT

Docket No. 59525. Submitted February 7, 1983, at Detroit.—Decided May 18, 1983. Leave to appeal applied for.

Domenica Pacini brought an action in the Wayne Circuit Court on July 29, 1980, against the City of Detroit for damages for injuries sustained when she fell on a city sidewalk on May 8, 1978. The complaint alleged that plaintiff was injured as a result of defendant's "negligence and unlawfulness, and the nuisance maintained by it" when she stepped into a hole or depression in the sidewalk, causing her to fall to the ground and sustain serious injuries. It was specifically alleged that defendant had breached its duty to maintain the highway in reasonable repair, as set forth in a statute. Plaintiff amended her complaint by adding a second count containing allegations of nuisance. The court, John D. O'Hair, J., granted accelerated judgment for defendant, holding that the two-year statute of limitations applicable to actions brought against a governmental unit pursuant to the highway maintenance statute barred plaintiff's action. Plaintiff appealed. *Held:*

The statutory limitation period governing claims based upon intentional nuisance applies where conduct is alleged to be intentional and it fits within the judicially created intentional nuisance exception to governmental immunity.

Affirmed as to the negligence allegations and reversed as to the nuisance allegation.

M. J. KELLY, J., dissented. He would hold that a suit against a governmental agency based on the maintenance of an intentional nuisance on a public highway is subject to a two-year period of limitations and would affirm.

REFERENCES FOR POINTS IN HEADNOTES

[1] 39 Am Jur 2d, Highways, Streets, and Bridges §§ 104 *et seq.,* 331, 341, 347, 348.

40 Am Jur 2d, Highways, Streets, and Bridges § 615.

[2] 58 Am Jur 2d, Nuisances § 55.

[3] 39 Am Jur 2d, Highways, Streets, and Bridges § 331.

OPINION OF THE COURT

1. LIMITATION OF ACTIONS — INTENTIONAL NUISANCE — HIGHWAYS.

The statute of limitations governing claims based upon intentional nuisance applies where conduct is alleged to be intentional and it fits within the judicially created intentional nuisance exception to governmental immunity (MCL 600.5805[8]; MSA 27A.5805[8]).

2. NUISANCE — INTENTIONAL NUISANCE — GOVERNMENTAL IMMUNITY.

The existence of an intentionally created or continued nuisance in fact necessary to avoid the defense of governmental immunity is a question of fact to be determined by the trier of fact; to establish the necessary intent, a plaintiff must show that the defendant who created or continued the nuisance knew or must have known that harm to the plaintiff was substantially certain to follow as a result of defendant's actions.

DISSENT BY M. J. KELLY, J.

3. LIMITATION OF ACTIONS — INTENTIONAL NUISANCE — HIGHWAYS.

*A suit against a governmental agency based on the maintenance of an intentional nuisance on a public highway is subject to a two-year period of limitations (MCL 691.1411[2]; MSA 3.996[111][2]).*

*Plunkett, Cooney, Rutt, Watters, Stanczyk & Pedersen, P.C.* (by *Frank W. Brochert* and *Christine D. Oldani),* for plaintiff.

*Susan P. Ward,* Assistant Corporation Counsel, for defendant.

Before: WAHLS, P.J., and M. J. KELLY and M. WARSHAWSKY,* JJ.

PER CURIAM. Plaintiff appeals by right the trial court's entry of accelerated judgment, GCR 1963, 116, based on the running of the two-year statute of limitations period as set forth in MCL 691.1411(2); MSA 3.996(111)(2).

Plaintiff filed her complaint in this case on July 29, 1980, seeking damages for injuries she sus-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

tained when she fell on a city sidewalk on May 8, 1978. The complaint alleged that plaintiff was injured as a result of defendant's "negligence and unlawfulness, and the nuisance maintained by it" when she stepped into a hole or depression in the sidewalk, causing her to fall to the ground and sustain serious injuries. It was specifically alleged that defendant had breached its duty to maintain the highway in reasonable repair, as set forth in MCL 691.1402; MSA 3.996(102). On November 25, 1980, plaintiff amended her complaint by adding a second count containing allegations of nuisance.

At the hearing on the motion for accelerated judgment, defendant argued, and the trial court agreed, that the two-year statute of limitations applicable to actions brought against a governmental unit pursuant to the highway maintenance statute, MCL 691.1411(2); MSA 3.996(111)(2), barred plaintiff's action as it was filed more than two years after her injury. The trial court was unpersuaded by plaintiff's argument that the two-year statutory period was inapplicable because the allegations of nuisance triggered a three-year statute of limitations. The court concluded that, regardless of what labels they were given, the allegations in plaintiff's complaint were governed by the two-year statute of limitations since the suit involved the maintenance of a highway.

In *Palomba v East Detroit,* 112 Mich App 209; 315 NW2d 898 (1982), decided subsequent to the trial court's entry of accelerated judgment in this case, this Court rejected an argument identical to that advanced by the City of Detroit at the hearing below, stating:

"There are two exceptions to the governmental immunity statute involved in our consideration here. First, the Legislature has expressly authorized claims

against a governmental agency arising out of the negligent maintenance of highways. MCL 691.1402; MSA 3.996(102). The period of limitations for such claims is two years. MCL 691.1411; MSA 3.996(111). Second, the courts have ruled that the government has no immunity from liability for injuries resulting from a nuisance intentionally created or maintained. See *Rosario v Lansing,* 403 Mich 124; 268 NW2d 230 (1978). The period of limitations for claims based upon intentional nuisance is three years. MCL 600.5805(8); MSA 27A.5805(8). These two exceptions to governmental immunity are distinct and independent. One involves liability for negligent conduct; the other for intentional conduct. If the conduct which creates the nuisance is intentional, it is irrelevant that the conduct also involves the maintenance of a highway. The claimant need not rely upon the legislatively created highway exception to the immunity statute but may, rather, rely on the judicially created nuisance exception. The governmental agency which intentionally creates the nuisance should not be given the advantage of a shorter limitation period merely because there is an alternative theory under which it would lose its immunity. Where conduct is alleged to be intentional, and it fits within the judicially created intentional nuisance exception to governmental immunity, the limitation period governing claims based upon intentional nuisance should be utilized. We conclude that the circuit court erred in applying the two-year statutory period to the nuisance claim. See *Zimmer v State Highway Dep't,* 60 Mich App 769, 772; 231 NW2d 519 (1975)." *Palomba, supra,* pp 214, 215.

Accordingly, plaintiff's cause of action is subject to the three-year, rather than the two-year, statute of limitations, provided she has sufficiently pleaded a claim based upon intentional nuisance. Defendant contends on appeal that plaintiff's nuisance allegations are simply a restatement of her negligence allegations, with the only distinction being that she applied the label "nuisance" to the claims.

The relevant portions of plaintiff's amended complaint state as follows:

"2. That by reason of the circumstances and sur-roundings of the aforementioned sidewalk, an extremely dangerous and hazardous condition existed;

"3. That this dangerous condition had existed for more than thirty (30) days prior to the time of plaintiff's injuries and ripened into, become, and still is a nuisance in fact;

"4. That defendant negligently failed and refused to take any steps whatsoever to remedy the aforementioned dangerous condition;

"5. That the defendant, by allowing the dangerous condition to exist, knew or must have known that the harm to the plaintiff was substantially certain to follow * * *."

The existence of an intentionally created or continued nuisance in fact, necessary to avoid the defense of governmental immunity, is a question of fact to be determined by the trier of fact. *Ford v Detroit*, 91 Mich App 33; 283 NW2d 739 (1979). "To establish the necessary intent, a plaintiff must show that the defendant who created or continued the nuisance knew or must have known that harm to the plaintiff was substantially certain to follow as the result of defendant's actions." *Ford, supra,* p 336, citing *Rosario, supra.* In order for the issue to be submitted to the trier of fact, however, the allegations in plaintiff's complaint, when liberally construed, must be sufficient, if proven, to establish the existence of an intentionally created or continued nuisance in fact. *Rosario, supra,* pp 142-143; *Davis v Detroit,* 98 Mich App 705, 711-712; 296 NW2d 341 (1980).

We conclude that the allegations in plaintiff's

complaint that defendant allowed this dangerous and hazardous condition to exist and "refused" to take any steps to remedy the same, when liberally construed, are sufficient to withstand dismissal by accelerated judgment. Regarding substantially similar allegations in the complaint in *Rosario,* Justice MOODY concluded the plaintiff had pleaded more than negligence on the part of the City of Lansing:

"The word 'refused' denotes more than a 'want of care in maintenance' or neglect. In this context, 'refused' describes an alleged deliberate act by the governmental agency to create the complained-of condition." *Rosario, supra,* p 143. (Footnote omitted.)

Accordingly, the trial court properly granted defendant's motion for accelerated judgment as to plaintiff's allegations of negligence and violation of the duty imposed by the highway maintenance statute, but erred in dismissing the amended complaint in which nuisance was alleged. Plaintiffs may attempt to prove the existence of an intentional nuisance in fact.

Affirmed in part, reversed in part, and remanded.

M. J. KELLY, J. *(dissenting).* I believe that a suit brought against a governmental agency based on the alleged maintenance of an intentional nuisance on a public sidewalk is subject to the two-year period of limitations provided at § 11 of the governmental immunity act, MCL 691.1411(2); MSA 3.996(111)(2), rather than the three-year period provided at MCL 600.5805(8); MSA 27A.5805(8).

Any suit against a governmental agency[1] necessarily involves application of the governmental immunity act, MCL 691.1401-691.1415; MSA 3.996(101)-3.996(115). Section 11 of the act provides a two-year period of limitations for all claims arising under § 2 of the act, MCL 691.1402; MSA 3.996(102). Section 2, in turn, is a specific statutory waiver of governmental immunity for all suits arising as a result of bodily injury or property damage by reason of failure of a governmental agency to keep a highway[2] under its jurisdiction in reasonable repair and in a condition reasonably safe and fit for travel. Any suit against a governmental agency resulting from alleged defects in a public highway should fall within the specific statutory waiver of governmental immunity and should, therefore, be subject to the accompanying two-year period of limitations.

As the majority notes, this Court held in *Palomba v East Detroit,* 112 Mich App 209; 315 NW2d 898 (1982), that when a plaintiff alleges that a defect in a highway was an "intentional nuisance"[3] the suit proceeds outside the scope of § 2 and, therefore, is subject to the general three-year period of limitations "for injury to person or property" provided at MCL 600.5805(8); MSA 27A.5805(8). I cannot accept the analysis advanced by the Court in *Palomba.* There, the Court refers to § 2 as a legislative authorization of claims aris-

---

[1] A municipal corporation, such as the City of Detroit in the instant case, is a "governmental agency". See MCL 691.1401(d); MSA 3.996(101)(d).

[2] The term "highway" includes sidewalks. MCL 691.1401(e); MSA 3.996(101)(e).

[3] An intentional nuisance results when the governmental agency intends to bring about the conditions which are in fact found to be a nuisance. *Rosario v Lansing,* 403 Mich 124, 142; 268 NW2d 230 (1978) (MOODY, J., *concurring); accord Denny v Garavaglia,* 333 Mich 317, 331; 52 NW2d 521 (1952), *quoting Beckwith v Stratford,* 129 Conn 506; 29 A2d 775 (1942).

ing out of only the *negligent* maintenance of highways. Section 2, however, makes no reference to negligence suits. Rather, it refers broadly to "any person sustaining bodily injury or damage to his property by reason of failure of any governmental agency to keep any highway in its jurisdiction in reasonable repair". The Court in *Palomba* limited § 2 solely to negligence actions without providing any analysis or authority in support of this limitation.[4]

The Court in *Palomba* reasoned that "[t]he claimant need not rely upon the legislatively created highway exception to the immunity statute but may, rather, rely on the judicially created nuisance exception". *Palomba, supra,* p 215. Judicial exceptions to the doctrine of governmental immunity, however, are valid only due to the

[4] When the governmental immunity act was originally enacted, the Legislature expressed in the title to the act that it was directed at negligence actions. This led to the Legislature's attempt to retain governmental immunity being declared unconstitutional, because the act on its face applied to all tort actions, not solely to negligence actions, and, therefore, embraced an object not within its title, in violation of Const 1963, art 4, § 24. See *Maki v City of East Tawas,* 18 Mich App 109; 170 NW2d 530 (1969), *aff'd* 385 Mich 151; 188 NW2d 593 (1971). The Legislature re-enacted the governmental immunity act and rewrote its title, which no longer referenced the act to negligence actions. In *Maki,* both the Court of Appeals and the Supreme Court were faced with deciding only whether § 7 of the governmental immunity act violated Const 1963, art 4, § 24. The plaintiffs in *Maki* challenged only the retention provision of the governmental immunity act and not the related sections dealing with exceptions to the immunity. In specifically holding § 7 of the act to be unconstitutional because it involved more than only negligence actions, the Court of Appeals stated:

"[W]e do not imply that none of the other sections might not violate Const 1963, art 4, § 24. For the purposes of this case, we deem it unnecessary to rule on the constitutionality of each of the sections." 18 Mich App 124.

Notwithstanding the Legislature's re-enactment of the governmental immunity act under a title which referred to making uniform the liability of governmental agencies when engaged in the exercise or discharge of a governmental function, the Court in *Palomba* executes an end-run on the Legislature and limits § 2 of the governmental immunity act solely to negligence actions.

legislative codification of the common law of governmental immunity in § 7 of the governmental immunity act, MCL 691.1407; MSA 3.996(107). See *Thomas v Dep't of State Highways,* 398 Mich 1, 11; 247 NW2d 530 (1976). Otherwise, the common law of governmental immunity has been abolished. See *Pittman v City of Taylor,* 398 Mich 41, 49; 247 NW2d 512 (1976). Section 7 retains the intricacies of the common law of governmental immunity only "except as otherwise provided" in the remainder of the act. Since the governmental immunity act provides that suits arising from a person's sustaining bodily injury on a public highway are subject to a two-year period of limitations, the common law's independent intentional nuisance exception to governmental immunity is replaced by § 2 of the act when the maintenance of the nuisance is in fact a failure on the part of a governmental agency to keep its highways in reasonable repair.

In construing the two statutes of limitations which may arguably be applicable in the instant case, we must advance the intent of the Legislature. See *City of Lansing v Lansing Twp,* 356 Mich 641; 97 NW2d 804 (1959). Retention of the specific two-year period of limitations for commencing suits based on injury resulting from a defective highway would advance the intent of the Legislature. As noted by the Supreme Court:

"[A] rational basis does exist for a two-year statute of limitations as to claims by victims of governmental tortfeasors as opposed to claims by victims of private tortfeasors. The statute unquestionably affords plaintiffs a reasonable time within which to commence suit. However, by setting a time limit of two years, the state is assured that plaintiffs will promptly conduct such investigations as necessary to determine the merits of

their claims *and* will not be unduly dilatory in commencing their suits. This is especially important in times such as these when governments are continually launching highway improvement programs.

"Moreover, the statute is essential to the organization of the finances of state and local government agencies in that it allows them to estimate with some degree of certainty the extent of their future financial obligations. It cannot be overlooked that no private party has a potential tort responsibility comparable to that of the government for injuries allegedly caused by defective or unsafe conditions of highways." *Forest v Parmalee,* 402 Mich 348, 360; 262 NW2d 653 (1978).

I submit that the *Palomba* decision is incorrect and should be overruled.

I would affirm.