## VEENEMAN v STATE OF MICHIGAN

Docket No. 72022. Submitted February 7, 1984, at Grand Rapids.—
Decided June 19, 1985. Leave to appeal applied for.

Jay Veeneman died as a result of injuries he suffered in a dune
buggy accident at the off-road vehicle area of the Silver Lake
State Park. Howard Veeneman, personal representative of the
estate of Jay Veeneman, deceased, filed suit against the State
of Michigan in Oceana Circuit Court alleging negligence and
intentional and negligent nuisance in fact. The court, Terrence
R. Thomas, J., granted summary judgment in favor of defen-
dant, finding that the action was barred by governmental
immunity and by the recreational use statute. Plaintiff was
permitted to file a second amended complaint adding a count
alleging gross negligence or wilful or wanton misconduct. A
final order dismissing the case was subsequently entered. Plain-
tiff appeals. *Held:*

1. The action against the state is barred by governmental
immunity, except as to plaintiff's allegation of intentional
nuisance. Plaintiff's complaint sufficiently alleges an inten-
tional nuisance which is an exception to the bar of governmen-
tal immunity.

2. The recreational use statute does not bar plaintiff's action.

3. Plaintiff's contention that summary judgment was prema-
ture because discovery had not been completed is without
merit.

The order of dismissal is reversed as to the intentional
nuisance count and is affirmed as to all other counts of the
complaint and the case is remanded for trial.

M. J. KELLY, P.J., concurred in part and dissented in part. He

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] Am Jur 2d, Municipal, School, and State Tort Liability § 27 *et
seq.*
Modern status of rule excusing governmental unit from tort liabil-
ity on theory that only general, not particular, duty was owed
under circumstances. 38 ALR4th 1194.
[3, 7, 9, 10] Am Jur 2d, Nuisances §§ 55, 228 *et seq.*
[4-6] Am Jur 2d, Nuisances §§ 1, 19 *et seq.*
[8] Am Jur 2d, Parks, Squares, and Playgrounds § 16 *et seq.*

would hold that plaintiff failed to plead facts sufficient to state a claim of intentional nuisance. Further, while he agrees that the recreational use statute does not apply to the facts of this particular case, he questions whether the recreational use act applies to state owned lands under any circumstances. He would affirm the trial court's order of summary judgment in full.

OPINION OF THE COURT

1. TORTS — GOVERNMENTAL IMMUNITY — PLEADING.

A plaintiff must plead facts in avoidance of governmental immunity in order to plead a valid claim against a government agency; to avoid governmental immunity, the claim stated must fit within one of the legislatively or judicially created exceptions to governmental immunity or demonstrate that the activity alleged is not in the exercise or discharge of a governmental function (MCL 691.1402, 691.1405, 691.1406, 691.1407, 691.1413; MSA 3.996[102], 3.996[105], 3.996[106], 3.996[107], 3.996[113]).

2. TORTS — GOVERNMENTAL IMMUNITY — GOVERNMENTAL FUNCTION.

"Governmental function" for purposes of the governmental immunity statute is an activity which is expressly or impliedly mandated or authorized by constitution, statute, or other law; where a governmental agency engages in mandated or authorized activities, it is immune from tort liability unless the activity is proprietary in nature or falls within one of the statutory exceptions to the governmental immunity act (MCL 691.1402, 691.1405, 691.1406, 691.1407, 691.1413; MSA 3.996[102], 3.996[105], 3.996[106], 3.996[107], 3.996[113]).

3. NUISANCE — NUISANCE PER SE — INTENTIONAL NUISANCE IN FACT — GOVERNMENTAL IMMUNITY.

Claims of nuisance per se and intentional nuisance in fact are not barred by governmental immunity.

4. NUISANCE — WORDS AND PHRASES — TORTS — DUE CARE.

A nuisance is primarily a condition, which may result from a want of due care, but may still exist as a dangerous, offensive, or hazardous condition even with the best of care, and liability for the maintenance of a nuisance is not predicated on tortious conduct through action or inaction on the part of those responsible for the condition.

5. NUISANCE — NUISANCE IN FACT.

A nuisance in fact is a nuisance by reason of circumstances and surroundings, and an act may be found to be a nuisance in fact

where its natural tendency is to create danger and inflict injury on a person or property.

6. Nuisance — Intentional Nuisance.

An intentional nuisance is one created by conduct intended to bring about conditions which are in fact found to be a nuisance.

7. Nuisance — Intentional Nuisance — Governmental Immunity.

The existence of an intentionally created or continued nuisance in fact necessary to avoid the defense of governmental immunity is a question of fact to be determined by the trier of fact; however, in order for the issue to be submitted to the trier of fact, the allegations in the plaintiff's complaint, when liberally construed, must be sufficient, if proven, to establish the existence of an intentionally created or continued nuisance in fact.

8. States — State Parks — Recreational Use Statute — Vehicle Permit Fees.

The recreational use statute does not apply to cases where injuries occur on state park property to persons who pay vehicle permit fees for the privilege of using state park facilities; the fees constitute valuable consideration for use of the state parks (MCL 300.201; MSA 13.1485).

Partial Concurrence and Partial Dissent by M. J. Kelly, P.J.

9. Governmental Immunity — Negligence — Intentional Torts.

*Governmental negligence does not become an intentional tort merely because the government acted wilfully or intentionally in doing or failing to do a particular act, since such a rule would virtually eliminate the doctrine of governmental immunity; instead, the government's tortious activity must fall outside of the exercise or discharge of a governmental function.*

10. Governmental Immunity — Intentional Torts.

*Generally, the intentional tort exception to the governmental immunity doctrine has been limited to traditional intentional torts, and acts of omission are not generally characterized as intentional torts.*

*Napieralski, Walsh & Velzen* (by *Randall L. Velzen),* for plaintiff.

*Frank J. Kelly,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Clive D. Gemmill,* Assistant Attorney General, for defendant.

Before: M. J. KELLY, P.J., and R. M. MAHER and M. P. REILLY,* JJ.

PER CURIAM. Plaintiff's decedent was fatally injured on May 23, 1981, when the dune buggy in which he was riding overturned. The accident occurred in the Silver Lake State Park, Oceana County, in an area designated for use by off-road vehicles. The park is owned and operated by defendant State of Michigan.

Plaintiff brought this action against the state alleging negligence and intentional and negligent nuisance in fact. The trial court on May 2, 1983, granted defendant's motion for summary judgment under GCR 1963, 117.2(1), finding that the action was barred by governmental immunity, MCL 691.1407; MSA 3.996(107), and by the recreational use statute, MCL 300.201; MSA 13.1485. Plaintiff was permitted to file a second amended complaint which added a count alleging gross negligence or wilful or wanton misconduct. A final order dismissing the case was entered June 6, 1983. Plaintiff appeals as of right. We hold that (1) the action against the state is barred by governmental immunity, except as to plaintiff's allegation of intentional nuisance, and (2) the recreational use statute does not bar plaintiff's action.

GOVERNMENTAL IMMUNITY

In order to plead a valid claim against a government agency, the plaintiff must plead facts in avoidance of governmental immunity. *McCann v Michigan*, 398 Mich 65, 77; 247 NW2d 521 (1976). This is accomplished by stating a claim which fits

---

* Circuit judge, sitting on the Court of Appeals by assignment.

within one of the legislatively[1] or judicially created exceptions to governmental immunity or by pleading facts which demonstrate that the activity alleged is not in the "exercise or discharge of a governmental function" within MCL 691.1407; MSA 3.996(107).[2] *Id.*

In *Ross v Consumers Power Co (On Reh)*, 420 Mich 567, 620; 363 NW2d 641 (1984), the Court adopted the following definition of "governmental function":

"We therefore conclude that a governmental function is an activity which is expressly or impliedly mandated or authorized by constitution, statute, or other law. When a governmental agency engages in mandated or authorized activities, it is immune from tort liability, unless the activity is proprietary in nature (as defined in § 13) or falls within one of the other statutory exceptions to the governmental immunity act."

In this case, the state's operation of the Silver Lake State Park is an activity which is expressly mandated or authorized by statute. MCL 318.3 *et seq.;* MSA 13.1011 *et seq.* The activity is clearly not proprietary in nature and does not come within any of the statutory exceptions to governmental immunity. We therefore conclude that plaintiff's claim against the state is barred by governmental immunity, except to the extent plaintiff has pled a valid claim of intentional nuisance, a judicially created exception to governmental immunity.

[1] MCL 691.1402; MSA 3.996(102); MCL 691.1405; MSA 3.996(105); MCL 691.1406; MSA 3.996(106), and MCL 691.1413; MSA 3.996(113).

[2] MCL 691.1407; MSA 3.996(107) provides: "Except as in this act otherwise provided, all governmental agencies shall be immune from tort liability in all cases wherein the government agency is engaged in the exercise or discharge of a governmental function. Except as otherwise provided herein, this act shall not be construed as modifying or restricting the immunity of the state from tort liability as it existed heretofore, which immunity is affirmed."

In *Rosario v City of Lansing,* 403 Mich 124; 268 NW2d 230 (1978), and *Gerzeski v Dep't of State Highways,* 403 Mich 149; 268 NW2d 525 (1978), five justices of the Supreme Court agreed that claims of nuisance per se and intentional nuisance in fact[3] are not barred by governmental immunity. See *Disappearing Lakes Ass'n v Dep't of Natural Resources,* 121 Mich App 61, 65-66; 328 NW2d 570 (1982), *aff'd* 420 Mich 567; 363 NW2d 641 (1984).

Liability for nuisance is predicated on the existence of a dangerous condition.

"Primarily, nuisance is a condition. Liability is not predicated on tortious conduct through action or inaction on the part of those responsible for the condition. Nuisance may result from want of due care (like a hole in a highway), but may still exist as a dangerous, offensive, or hazardous condition even with the best of care. *Bowman v Humphrey* (1906), 132 Iowa 234 (109 NW 714)." *Buckeye Union Fire Ins Co v Michigan,* 383 Mich 630, 636; 178 NW2d 476 (1970).

A nuisance in fact is a nuisance by reason of circumstances and surroundings, and an act may be found to be a nuisance in fact where its natural tendency is to create danger and inflict injury on a person or property. *Rosario, supra,* pp 132-133, quoting *Bluemer v Saginaw Central Oil & Gas Service, Inc,* 356 Mich 399, 411; 97 NW2d 90 (1959). An intentional nuisance is one created by conduct intended to bring about conditions which are in fact found to be a nuisance. *Gerzeski, supra,* pp 161-162; *Rosario, supra,* p 142. The existence of a nuisance in fact is a question for the trier of fact. In order for the issue to be submitted to the

[3] For a discussion of the difference between a nuisance per se and a nuisance in fact, see *Rosario v City of Lansing,* 403 Mich 124, 132-133; 268 NW2d 230 (1978), quoting *Bluemer v Saginaw Central Oil & Gas Service, Inc,* 356 Mich 399, 411; 97 NW2d 90 (1959).

trier of fact, however, the allegations in the plaintiff's complaint, when liberally construed, must be sufficient, if proven, to establish the existence of an intentionally created or continued nuisance in fact. *Rosario, supra,* pp 142-144; *Pacini v Detroit,* 126 Mich App 1, 5; 336 NW2d 882 (1983).

The Supreme Court in *Ross, supra,* did not expressly consider whether a claim of intentional nuisance continues as a common law exception to governmental immunity. However, in *Disappearing Lakes Ass'n, supra,* one of the cases decided along with *Ross,* the plaintiffs alleged, *inter alia,* that the DNR "negligently and/or intentionally created a nuisance" by issuing a permit for dredging certain canals. The Court of Appeals found that the plaintiffs had not pled a valid claim of nuisance because the issuance of dredging permits alone was not sufficient indication that the DNR actually controlled the project which created the nuisance. The Supreme Court affirmed, finding that "[t]he Court of Appeals conclusion that plaintiffs had insufficiently pleaded a nuisance cause of action is not clearly erroneous". *Ross, supra,* p 657. We can only infer from this statement that the Court intended to retain the common law intentional nuisance exception recognized in *Rosario* and *Gerzeski.* See *Landry v Detroit,* 143 Mich App 16; 371 NW2d 466 (1985).

In the present case plaintiff's complaint alleges that defendant improperly designated certain areas of the park for use by off-road vehicles and failed to establish rules to minimize the injuries to off-road vehicle participants, including failure to regulate pattern and speed of travel, failure to limit the number of off-road vehicles, failure to adequately inspect the terrain and vehicles, failure to adequately install warning signs and failure to provide adequate medical assistance. The com-

plaint also alleges that defendant was aware of previous deaths and injuries of a similar nature in the area, and knowing this, failed to take appropriate measures. We find that the complaint sufficiently alleges an intentional nuisance which is an exception to the bar of governmental immunity.

## RECREATIONAL USE STATUTE

The recreational use statute, MCL 300.201; MSA 13.1485, provides:

"No cause of action shall arise for injuries to any person *who is on the lands of another without paying to such other person a valuable consideration for the purpose of fishing, hunting, trapping, camping, hiking, sightseeing, motorcycling, snowmobiling, or any other outdoor recreational use,* with or without permission, against the owner, tenant, or lessee of said premises unless the injuries were caused by the gross negligence or wilful and wanton misconduct of the owner, tenant, or lessee." (Emphasis supplied.)

The Legislature has set fees for the use of state parks in the amount of $10 for an annual motor vehicle permit or $2 for a daily permit for each motor vehicle entering the park. MCL 318.310; MSA 13.1053(10). We find these fees to consititue valuable consideration for use of the state park by occupants of the vehicles, including use of the off-road vehicle area on which the accident in this case occurred. The recreational use statute therefore has no application to the instant case.[4]

---

[4] In *McNeal v DNR,* 140 Mich App 625; 364 NW2d 768 (1985), the plaintiff was injured in the same dune buggy accident involved in the present case. A panel of this Court upheld summary judgment in favor of the defendant based, in part, on a finding that the claim was barred by the recreational use statute, MCL 300.201; MSA 13.1485. The plaintiff in *McNeal* did not argue on appeal that the permit fees constituted valuable consideration for using the park, and the Court therefore did not consider the question.

Plaintiff's contention that summary judgment was premature because discovery had not been completed is without merit. Summary judgment was granted under GCR 1963, 117.2(1), based solely on the pleadings. Since this case does not involve a dispute as to material facts, the authority relied upon by plaintiff is inapplicable.

The order of dismissal is reversed as to the intentional nuisance count, is affirmed as to all other counts of the complaint, and the case is remanded for trial.

M. J. Kelly, P.J. *(concurring in part and dissenting in part)*. I concur with the majority regarding its treatment of the governmental immunity issue and its finding that "the state's operation of the Silver Lake State Park is an activity which is expressly mandated or authorized by statute" and is thus protected under MCL 691.1407; MSA 3.996(107). I also concur in the majority's reading of *Ross v Consumers Power Co (On Rehearing)*, 420 Mich 567; 363 NW2d 641 (1984), and *Disappearing Lakes Ass'n v Dep't of Natural Resources*, 121 Mich App 61; 328 NW2d 570 (1982), aff'd 420 Mich 567; 363 NW2d 641 (1984), as to the survival of the intentional nuisance exception to the doctrine of governmental immunity. I do not, however, agree that plaintiff in this case has pled facts sufficient to state a claim of intentional nuisance.

As I have previously stated in *Shunk v Michigan (After Remand)*, 132 Mich App 632, 636; 347 NW2d 767 (1984):

"[N]egligence does not become an intentional tort merely because the government acted wilfully or intentionally in doing or failing to do a particular act, since such a rule would virtually eliminate the doctrine of governmental immunity. *Elliott v Dep't of Social Ser-*

*vices,* 124 Mich App 124, 128-129; 333 NW2d 603 (1983). Instead, the government's tortious activity must fall outside the exercise or discharge of a governmental function. *Elliott v Dep't of Social Services, supra,* p 129; *Smith v Michigan,* 122 Mich App 340, 345; 333 NW2d 50 (1983). Generally, the intentional tort exception to the governmental immunity doctrine has been limited to traditional intentional torts, *Randall v Delta Charter Twp,* 121 Mich App 26, 34; 328 NW2d 562 (1982), and acts of omission rather than commission are not generally characterized as intentional torts. *Elliott v Dep't of Social Services, supra,* p 130, citing *Randall v Delta Charter Twp, supra,* p 34."

See also my dissenting opinion in *Landry v Detroit,* 143 Mich App 16; 371 NW2d 466 (1985), and Judge SHEPHERD's dissenting opinion in *Sanford v Detroit,* 143 Mich App 194; 377 NW2d 904 (1985). In this case, plaintiffs have essentially pled omissive rather than comissive acts on the part of the state, all of which are within the exercise of its governmental function in creating and operating state parks. I would affirm the trial court's order of summary judgment in full.

I also write separately on the applicability of the recreational use statute, MCL 300.201; MSA 13.1485. While I agree that the act does not apply in this case because of the annual and daily permit fees charged for admission into the park, I wish to reserve judgment on whether the recreational use act applies to state-owned lands. See *McNeal v Dep't of Natural Resources,* 140 Mich App 625; 364 NW2d 768 (1985), where it was held that the statute does apply to state-owned property. But the primary intended beneficiaries of the act are private landowners and there may be some distinctions to consider as to state-owned land which would exempt it from the recreational use statute.