EVANS v DETROIT BOARD OF EDUCATION

Docket No. 78008. Submitted March 19, 1985, at Detroit.—Decided July 1, 1985.

> Plaintiff, Peggie Evans, as next friend of her minor daughter, Tammie L. Evans, brought an action for damages against the Detroit Board of Education, alleging negligence, breach of contract and detrimental reliance. Tammie Evans had been harassed on the street while walking to and from school so plaintiff informed school officials that she would drive Tammie to and from school. She allegedly was assured by school officials that in the event of a deviation from the normal school schedule Tammie would be allowed to use a telephone in the counselor's office to arrange transportation. On a day when students were sent home early because of a strike, Tammie was refused permission to use the counselor's telephone and was unable to use a pay telephone because she was told to leave the building immediately. Tammie began walking home, and was abducted and raped. An order of default entered against defendant was set aside and the court granted defendant's motion for summary judgment for failure to state a claim upon wich relief may be granted, Wayne Circuit Court, John R. Kirwan, J. Plaintiff appealed. *Held:*
>
> 1. Summary judgment was properly granted on the negligence count on the basis of governmental immunity from tort liability in connection with the board's operation of the school.
>
> 2. The complaint did not allege facts sufficient to support a finding of a valid contract between plaintiff and the school board.
>
> 3. Plaintiff's claim of detrimental reliance was simply an-

References for Points in Headnotes

[1] Am Jur 2d, Summary Judgment § 12 *et seq.*
  Right to voluntary dismissal of civil action as affected by opponent's motion for summary judgment, judgment on the pleadings, or directed verdict. 36 ALR3d 1113.
[2, 3] Am Jur 2d, Municipal, School, and State Tort Liability §§ 11-26.
  Modern status of doctrine of sovereign immunity as applied to public schools and institutions of higher learning. 33 ALR3d 703.
[3] Am Jur 2d, Municipal, School, and State Tort Liability §§ 38-41.
  Am Jur 2d, Pleading §§ 32-40.
  See the annotations in the ALR3d/4th Quick Index under Pleading.

other facet of the claim of negligence. The characterization of defendant's conduct as intentional, wilful or tortious was not determinative of whether the conduct was outside the exercise or discharge of a governmental function and thus outside the scope of governmental immunity.

4. The trial court did not abuse its discretion in setting aside the default.

Affirmed.

1. MOTIONS AND ORDERS — SUMMARY JUDGMENT.

A motion for summary judgment for failure to state a claim tests the legal sufficiency of the pleadings alone; the factual allegations of the complaint are accepted as true along with any inferences or conclusions which may fairly be drawn from them, and unless the claim is so unenforceable as a matter of law that no factual development could possibly justify recovery the motion should not be granted (GCR 1963, 117.2[1]).

2. GOVERNMENTAL IMMUNTIY — BOARD OF EDUCATION.

A board of education is protected by governmental immunity from liability for negligence in its operation of a school (MCL 691.1407; MSA 3.996[107]).

3. PLEADING — TORTS — GOVERNMENTAL IMMUNITY — GOVERNMENTAL FUNCTION.

The mere characterization of activity or conduct as "intentionally tortious", "wilful" or "intentional" is not dispositive of whether the conduct or activity is tortious nor does it determine whether the conduct or activity is outside the exercise or discharge of a governmental function and thus outside the scope of governmental immunity.

*Ernest L. Jarrett,* for plaintiff.

*Lynne M. Metty,* for defendant.

Before: BEASLEY, P.J., and M. J. KELLY and M. WARSHAWSKY,* JJ.

M. WARSHAWSKY, J. Plaintiff appeals as of right from the Wayne County Circuit Court's December 5, 1983, order granting summary judgment in favor of defendant pursuant to GCR 1963, 117.2(1),

---

* Circuit judge, sitting on the Court of Appeals by assignment.

and from the April 11, 1984, order upholding the summary judgment following rehearing.

Plaintiff, Peggie Evans, next friend of her minor daughter, Tammie Lautrell Evans, commenced this action for damages allegedly caused when Tammie was raped while enroute from Central High School to her home on the morning of January 26, 1981. The complaint alleged that in October, 1980, Peggie Evans met with school officials and informed them that Tammie was frequently being harassed by persons on the street while walking to and from school. Mrs. Evans told school officials that she would drive her daughter to and from school every day in order to avoid the problem. She requested and was allegedly assured by school officials that, in the event of a deviation from Tammie's regular schedule of classes, Tammie would be permitted to use the telephone in the counselor's office to call home and arrange for a ride.

In January, 1981, defendant board was engaged in contract negotiations with administrators and supervisors, and a strike was threatened in the event that no agreement was reached. On January 25, 1981, defendant allegedly made radio and television announcements that school would be in session the following day. On January 26, 1981, Tammie arrived at school according to her normal routine; however, the administrators and supervisors had decided to strike and were not present. Shortly after Tammie arrived, the students were advised that school was dismissed and were told they could not remain in the building. Tammie allegedly went to her counselor's office and asked permission to use the telephone in order to arrange for a ride, but was refused. She then went to a bank of pay telephones located in the school building, but found that the phones were either

out of order or in use. While waiting to use one of the telephones, a teacher approached Tammie and told her to leave the building immediately. Tammie then began to walk home and, while enroute, she was abducted by three men, blindfolded and raped. The perpetrators of the crime have not been identified.

The complaint was filed May 18, 1981, and alleged theories of negligence, breach of contract, and detrimental reliance. A default was entered on July 8, 1981, when defendant failed to file a timely answer. Defendant filed an answer on July 14, 1981. On January 15, 1982, the trial court entered an order granting defendant's motion to set aside the default. Defendant subsequently moved for summary judgment for failure to state a claim upon which relief may be granted. Summary judgment was granted on December 5, 1983, and upheld following a hearing on plaintiff's motion for rehearing by order entered April 11, 1984. Plaintiff appeals as of right.

A motion for summary judgment for failure to state a claim tests the legal sufficiency of the pleadings alone. The factual allegations in the complaint are accepted as true along with any inferences or conclusions which may be fairly drawn from them. Unless the claim is so unenforceable as a matter of law that no factual development could possibly justify recovery, the motion should not be granted. *Verdusco v Miller,* 138 Mich App 702, 706; 360 NW2d 281 (1984).

We find that the trial court correctly granted summary judgment on the negligence count. Defendant board of education was protected by governmental immunity for its negligence in connection with the operation of the school. MCL 691.1407; MSA 3.996(107), *Ross v Consumers*

*Power Co (On Rehearing),* 420 Mich 567; 363 NW2d 641 (1984).

We further find that the trial court correctly granted summary judgment on plaintiff's claim of breach of contract. The complaint alleges that, pursuant to Peggie Evans's request, school officials promised her that they would permit Tammie to use the telephone in the counselor's office in the event of a deviation from her regualr class schedule. We agree with the trial court that the complaint does not sufficiently allege facts which would support a finding of a valid contract between plaintiff and defendant.

We find that the trial court correctly granted summary judgment on plaintiff's claim for detrimental reliance. This is another facet of plaintiff's negligence claim and properly sounds in tort. To characterize activity or conduct as "intentionally tortious", "wilful", or "intentional" is not dispositive of whether or not the conduct or activity is tortious nor does it determine whether the conduct or activity is outside the exercise or discharge of a governmental function. *Shunk v Michigan (After Remand),* 132 Mich App 632; 347 NW2d 767 (1984).

Finally, this Court has reviewed the record and concludes that the trial court did not abuse its discretion in setting aside the default pursuant to GCR 1963, 520.4. *Yenglin v Mazur,* 121 Mich App 218, 221-222; 328 NW2d 624 (1982).

We, therefore, affirm the trial court.

Affirmed.